UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA O'CONNELL,

    Plaintiff,

vs.

CLEARWATER CARDIOVASCULAR AND
INTERVENTIONAL CONSULTANTS, M.D., P.A.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA O'CONNELL, hereinafter referred to as "PLAINTIFF" by and through his undersigned attorneys, hereby sues the Defendant, CLEARWATER CARDIOVASCULAR AND INTERVENTIONAL CONSULTANTS, M.D., P.A. hereafter referred to as "DEFENDANT" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events

giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant is a Florida corporation, authorized and doing business in Pinellas County, Florida.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began working for Defendant in 2006 as a Registered Diagnostic Cardiac Sonographer.

10. Plaintiff was employed on a full-time basis.

11. During Plaintiff's employment she maintained an unblemished

personnel file.

12. Plaintiff developed serious health conditions in the summer of 2020.

13. Throughout the fall of 2020 Plaintiff received treatment for her serious health condition.

14. On August 26, 2020, Plaintiff was transported by wheelchair to the emergency room by the manager of the Bardmoor office.

15. On October 29, 2020, Plaintiff verbally informed her department manager, Cynthia Lufkin, of her intention to make several additional diagnostic visits to doctors that would require her absence from work.

16. On November 4, 2020, without prior warning, Plaintiff was contacted by Cynthia and was told she was being terminated for attendance issues. The majority, if not all of her absences were FMLA protected.

17. At the time of her termination Plaintiff had 120 accrued and unused PTO hours available.

18. Defendant was aware that Plaintiff's absences were actually or potentially FMLA qualifying but failed to provide her with the required Notice of Rights and Responsibilities.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

19. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 –

18.

20. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

21. Defendant's actions constitute violations of the FMLA.

22. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

23. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 18.

24. Defendant retaliated against Plaintiff for asserting her FMLA rights.

25. Defendant's actions constitute violations of the FMLA.

26. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 8th day of March 2021.

>FLORIN GRAY BOUZAS OWENS, LLC
>
>/s/Wolfgang M. Florin
>Wolfgang M. Florin
>Florida Bar No. 907804
>wolfgang@fgbolaw.com
>Christopher D. Gray
>Florida Bar No.: 0902004
>chris@fgbolaw.com
>16524 Pointe Village Drive, Suite 100
>Lutz, FL 33558
>Telephone (727) 254-5255
>Facsimile (727) 483-7942
>Attorneys for Plaintiff